## OLIVE DAVEY
### vs.
## BIRMINGHAM NATIONAL BANK

Superior Court          Fairfield County          File #51919

Present: Hon. JOHN RUFUS BOOTH, Judge.

Richard L. Weldon,          Attorney for the Plaintiff.

Martin E. Gormley,          Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 15, 1937.

BOOTH, J. The action was to recover damages for personal injuries alleged to have been caused by the defendant's negligence in maintaining a common stairway in its tenement house in such a defective condition that the plaintiff fell while using said stairway as a tenant of the building.

The defect is alleged to have consisted of improper lighting of the stairway and an accumulation of dirt, filth, garbage and other matter thereon.

The evidence disclosed that the plaintiff's fall occurred about three o'clock in the afternoon on June 4th, 1936, and while evidence was offered by both parties concerning the condition of light on the stairway at the time, and while there was some evidence to the effect that at the time there was a banana peel upon one of the steps, the plaintiff made no claim that either of these conditions were essential factors in the production of her fall, but testified to and claimed that her fall was solely and proximately caused by the presence on one of the steps of a spot of grease "about the size of a half-dollar". The plaintiff did not claim that the defendant had actual notice of the presence of said spot of grease, nor was there any evidence offered upon this subject. Neither was any evidence offered as to the length of time said spot of grease existed. The Jury were fully charged upon the subject of notice express and implied. Its conclusion, however, as expressed by its verdict that the spot of grease had existed for such a length of time that the defendant could fairly be said to have had an opportunity to remove or safeguard it and that it had not done so was, in the opinion of the Court,

so against the evidence and the law as charged as to indicate that the Jury made some mistake in law or were influenced by lack of knowledge or understanding or by corruption, prejudice or partiality.

In view of the circumstances the motion to set the verdict aside is granted for the reasons stated therein.